**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| OLD FAMILY CONSTRUCTION, INC. d/b/a/ BASEMENT WATERPROOFING SPECIALISTS<br><br>Plaintiff,<br><br>BASEMENT GURUS, LLC<br><br>Defendant. | Civil Action No. 2:24-cv-1559<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Old Family Construction, Inc. d/b/a/ Basement Waterproofing Specialists alleges the following causes of action against Defendant Basement Gurus, LLC.

**PARTIES**

1.  Plaintiff Old Family Construction, Inc. d/b/a Basement Waterproofing Specialists ("BWS" and/or the "Plaintiff") is a Pennsylvania corporation with an address at 127 2nd Avenue, Collegeville, PA 19426. BWS provides services that include basement waterproofing, foundation repair, and crawl space waterproofing in Pennsylvania, New Jersey and Delaware.

2.  Defendant, Basement Gurus, LLC ("Gurus" and/or the "Defendant"), on information and belief is Delaware limited liability company registered as a foreign company in Pennsylvania with a registered address of 431 Rhawn Street, Philadelphia, PA 19111 and business address of 2348 Harrisburg Pike, Lancaster, PA  17601. Defendant directly competes with BWS, offering the same type of services (including basement waterproofing, foundation repair, and crawl space waterproofing) and targeting the same customers as BWS in the same area in this District.

1

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §1121(a) and 28 U.S.C. §§ 1331, 1338(a) and (b), because this action arises under an Act of Congress related to trademarks, and because the action asserts a claim of unfair competition joined with a substantial and related claim under the trademark laws.

4. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all state and common law claims in this civil action because the common law claims are so related to claims over which this Court has original jurisdiction that the common law claims form part of the same case or controversy under Article III of the United States Constitution.

5. This Court has personal jurisdiction over Defendant because on information and belief Defendant regularly conducts business within the Commonwealth of Pennsylvania, including without limitation in this District; and because Defendant has committed, and continues to commit acts of infringement and unfair competition within the Commonwealth of Pennsylvania, including without limitation in this District.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because it is a district in which Defendant resides. BWS provides basement waterproofing, foundation repair, and crawl space waterproofing services to consumers, including within this District. Defendant also targets and offers the same type of services to consumers within this District. As such, this District is the situs of the subject matter of this case, where consumers are likely to be confused by Defendant's infringement and unfair competition, and where a substantial part of the events giving rise to BWS's claims occurred and continue to occur.

**FACTUAL ALLEGATIONS**

7. BWS is a 4th generation family business providing services that include basement waterproofing, foundation repair, and crawl space waterproofing in Pennsylvania, New Jersey, and Delaware, including the greater Philadelphia area. BWS has always taken great pride in its reputation and quality of service, which is also

reflected by more than 5,500 fans on Facebook, and over 200+ 5-star and A+ reviews on Facebook, Google, Angie's List, Home Advisor and more.

8. Advertising and marketing are essential to the continued success of BWS. BWS spends in excess of $500,000.00 each year on advertising and marketing, which includes a substantial amount on internet advertising and marketing.

9. On information and belief, the owner/founder (Daniel Kelly) and two employees (Josh Reich and Lenny Freyer) of the Defendant previously worked for BWS. During their time at BWS, these men were provided with training and extensive technical information and sales and marketing materials, including but not limited to: contracts, proposals, brochures and samples when they started with BWS.  Messrs. Kelly, Reich, and Freyer were also made well aware of the marketing efforts of BWS during their association with the company, including BWS' use of its "Basement Waterproofing Specialists" trademark.

10. Messrs. Kelly, Reich, and Freyer left BWS in 2020, 2021, and 2021, respectively.  On information and belief, Mr. Kelly founded the Defendant, which thereafter proceeded to offer and provide the same services to the same target customers in the same service area as BWS and hired Messrs. Reich, and Freyer.

**THE BWS MARK**

11. Plaintiff Old Family Construction, Inc. owns United States Registration No. 4,707,144 for the word mark "Basement Waterproofing Specialists", for use in connection with International Class 37 "Building construction; repair; installation services," with a registration date of March 24, 2015 (the '144 Registration"). The '144 Registration is registered on the Principal Register, with dates of first use and first use in interstate commerce at least as early as April 2009.  The application filing date for the '144 Registration is June 20, 2014.  The '144 Registration is valid, subsisting and incontestable. A true and accurate copy of the Certificate of US Reg. No. 4,707,144 is attached hereto as Exhibit A.

12. At all times relevant to this Complaint, BWS has used, and continues to use, the mark represented by the '144 Registration in connection with the services set

forth in the Registration to advertise, market, offer to sell, and sell such services in interstate commerce.

13. BWS prominently displays the "Basement Waterproofing Specialists" Mark (the "BWS Mark") on the company website at http://www.basementwaterproofingspecialists.com and in advertising, both through electronic and print media.

14. Over the course of approximately 15 years, BWS has invested substantial money, time and effort in the development and use of its BWS Mark.

15. BWS has extensively used the BWS Mark to identify and distinguish its services from those of its competitors, such that the BWS Mark is incontestable and represents and possesses significant goodwill, which is of great value to BWS.

**DEFENDANT'S INFRINGING AND UNLAWFUL CONDUCT**

16. On information and belief, on or prior to November 16, 2023, Defendant published the website https://basementwaterproofingspecialist.co/ ("BG-BWS.co"), which improperly and unlawfully without permission uses the BWS Mark. Examples of Defendant's infringing use of the BWS Mark are attached hereto as Exhibit B. The BG-BWS.co website directs consumers to call 800-834-6584, which is the same phone number provided on the Defendant's website, attached hereto as Exhibit C. The use of the BWS Mark on Defendant's website, offering the same services as the Plaintiff to the same target consumers in the same market creates a likelihood of confusion to consumers as to the source of the services.

17. On information and belief, Defendant was aware of BWS's federal registration for and rights in and to the BWS Mark when Defendant commenced use of the mark.

18. On December 8, 2023, BWS sent the Defendant a letter demanding that Defendant cease and desist all use of the BWS registered mark including use on the BG-BWS.co website, which is attached hereto as Exhibit D.

19. On information and belief, not only did Defendant refuse to stop their improper and unlawful use of the BWS Mark after receipt of the December 8, 2023 cease

4

and desist letter, but in a deliberate and willful manner, and in complete disregard of Plaintiff's rights, on or prior to February 20, 2024, Defendant also published the website https://basementwaterspecialist.com/ ("BG-BWS.com"), which improperly and unlawfully without permission uses the BWS Mark.  Examples of Defendant's infringing use of the BWS Mark are attached hereto as Exhibit E.  The BG-BWS.com website directs consumers to call 800-834-6584, which is the same phone number provided on the Defendant's website, which is attached hereto as Exhibit C.  The use of the BWS Mark on Defendant's website, offering the same services as the Plaintiff to the same target consumers in the same market creates a likelihood of confusion to consumers as to the source of the services.

20. Defendant has not responded to the above December 8, 2023 cease and desist letter and notice, and instead in complete disregard of BWS' intellectual property rights and ownership of the BWS Mark, as of the filing date of this Complaint, Defendant continues to unlawfully and without permission use the BWS Mark on its advertising and marketing efforts to consumers, including those in Pennsylvania and in this District.

21. On information and belief, Defendant's conduct has led to the likelihood of continuing consumer confusion between BWS' lawful use of the BWS Mark and Defendant's unlawful use of the same mark. Defendant's continuing unfair competition and infringement demonstrates intentional, willful, and bad faith attempts to create confusion in the minds of the public, to trade on BWS' goodwill, to palm off Defendant's services as those of BWS, and to create the false impression of a connection, affiliation, association, sponsorship, or approval of or between Defendant and BWS when there is nothing of the kind. As a result of Defendant's conduct, and because of the likelihood of continued confusion by consumers, Plaintiff has suffered irreparable harm in addition to damages

## COUNT I
### (Infringement under 15 U.S.C. § 1114)

22. Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation in the foregoing paragraphs.

23. This claim arises under 15 U.S.C. § 1114 for willful and deliberate infringement of the BWS Mark set forth in the '144 Registration.

24. The BWS Mark set forth in the '144 Registration is a valid, protectable, and enforceable mark.

25. The BWS Mark set forth in the '144 Registration has become incontestable under 15 U.S.C. § 1065.

26. Plaintiff has rights in its BWS Mark as set forth in the '144 Registration that are superior to any rights Defendant may have in its identical use of the BWS Mark, which is being unlawfully used by Defendant in connection with offering identical, similar, and/or related types of services.

27. Plaintiff has not given Defendant consent, permission, or license to use the BWS Mark.

28. On information and belief, Defendant's use of the BWS Mark creates a likelihood of confusion, mistake, or deception among consumers with Plaintiff's use of the BWS Mark.

29. Defendant knew, or should have known by the exercise of reasonable care, that its unlawful use of the BWS Mark in connection with the same types of services offered by BWS to the same consumers would cause confusion, mistake, or deception among consumers with BWS's lawful use of the BWS Mark.

30. On information and belief, Defendant knew of Plaintiff's federally registered BWS Mark, and intended to trade off and did trade off, and intends to trade off and will trade off the extensive goodwill built up by Plaintiff in its own mark.

31. To date, Defendant has not ceased using its infringing BWS Mark in violation of Plaintiff's rights to the exclusive use of its BWS Mark.

32. Defendant's wrongful acts alleged herein violated Plaintiff's rights under 15 U.S.C. § 1114and, on information and belief, have been deliberate, willful, and in disregard of Plaintiff's rights.

33. Defendant's wrongful acts alleged herein have improperly enabled and/or will improperly enable Defendant to earn substantial revenues and profits on the strength

of the unlawful use of the BWS Mark.

34. On information and belief, as a result of Defendant's wrongful acts alleged herein, Defendant has intentionally created the erroneous perception by consumers that the services of Defendant are affiliated with, sponsored by, approved by, or originate from Plaintiff, and further with the intent to cause confusion, mistake and to deceive.

35. As a result of Defendant's wrongful acts alleged herein, Plaintiff has suffered and is continuing to suffer irreparable injury. Plaintiff cannot be adequately compensated for these injuries by damages alone, and Plaintiff has no adequate remedy at law for Defendant's infringement of its rights. Plaintiff is entitled to injunctive relief, as well as attorneys' fees and the costs herein.

## COUNT II

### (Infringement under 15 U.S.C. § 1125(a) and common law)

36. Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation in the foregoing paragraphs.

37. This claim arises under 15 U.S.C. § 1125(a) and Pennsylvania common law for willful and deliberate infringement and unfair competition, including false designation of origin and palming off.

38. Plaintiffs BWS is the legal owner of the BWS Mark and the BWS Mark is valid, protectable, enforceable, and incontestable.

39. Defendant's unlawful use of the BWS Mark creates a likelihood of confusion, mistake, or deception with the Plaintiff's use of the BWS Mark.

40. Defendant has infringed, and continues to infringe, the BWS Mark in interstate commerce, which use by Defendant tends to falsely describe and represent a false designation of origin with Plaintiff, and which tends to palm off Defendant's services as affiliated with, sponsored by, approved by, or originating from Plaintiff.

41. Defendant's acts have demonstrated Defendant's intent both to palm off its services as affiliated with, sponsored by, or originating from Plaintiff, and to trade off the goodwill in Plaintiff's BWS Mark.

42. Defendant's wrongful acts alleged herein constitute unfair competition under

15 U.S.C. § 1125(a) and common law, and Plaintiff has been and will continue to be damaged by such unfair competition, suffering injury to its business, trade, reputation, and goodwill.

43. Defendant's infringement, unfair competition, false designation of origin, and palming off have been willful, deliberate, and intentional, and will continue unless enjoined by this Court. Additionally, by reason of Defendant's bad faith and intentional and willful infringement, unfair competition and deceptive trade practices, BWS is entitled to injunctive relief, an accounting of Defendant's profits, damages, to recover enhanced damages of up to three times the amount of damages, and to recover its attorneys' fees and costs.

## COUNT III

**(In the alternative – Declaratory Relief under 28 U.S.C. § 2201)**

44. Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation in the foregoing paragraphs.

45. Plaintiff pleads Count III in the alternative to Counts I - II.

46. This claim arises under the Lanham Actand 28 U.S.C. § 2201 for declaratory relief as to the Parties' respective rights in the BWS Mark.

47. In response to Defendant's unlawful actions, counsel for Plaintiff sent a cease and desist letter. Defendant did not respond to the letter or notice and has failed to stop its unlawful actions.

48. Based upon Defendant's continuing refusal to stop its unlawful actions, there exists a dispute as to whether Defendant has any rights to continue to use the BWS Mark in connection with the same types of services offered by Plaintiff in interstate commerce.

49. Plaintiff has filed the present action alleging that Defendant's infringing use of the BWS Mark has created a likelihood of confusion with Plaintiff's prior use and rights to the BWS Mark. Thus, an actual and justiciable controversy exists between the Parties that is ripe for adjudication.

50. An order of this Court will resolve this actual controversy by determining the rights and obligations of the Parties as to use of the BWS Mark in connection with certain

services in United States interstate commerce.

51. A declaration by this Court of the Parties' respective rights and obligations as to the BWS Mark will serve to guide the future conduct of the Parties with respect to the assertion, defense, and settlement of trademark infringement claims, and will further serve to prevent confusion among consumers and the public in general.

52. Therefore, declaratory relief is proper under 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, and Plaintiff is entitled to a declaration that, between the parties, Defendant has no right to use the BWS Mark in connection with certain services as set forth above in the United States, or in the alternative it has exceeded any rights it has.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for the following relief:

1. Judgment for Plaintiff on its cause of action against Defendant for infringement of the BWS Mark under 15 U.S.C. § 1114;

2. Judgment for Plaintiff on its cause of action against Defendant for unfair competition and infringement regarding the BWS Mark under 15 U.S.C. § 1125(a) and common law;

3. Injunctive relief against Defendant, its officers, directors, agents, and employees and all those in active concert or participation with Defendant, who receive actual notice of the judgment by personal service or otherwise, as follows:

(a) from further use of the BWS Mark, including but not limited to use in connection with websites, generating internet search results, social media use, all forms of electronic or print use, whether either alone or in combination with other words, names, or symbols; on or in connection with the advertising, marketing, offering for sale, and sale of waterproofing and waterproofing-related services;

(b) from performing or committing any other acts falsely representing Defendant's services, or which are likely to cause confusion or mistake in the mind of the purchasing public, or lead purchasers or the trade to believe that Defendant's services come from or are the services of BWS, or are somehow sponsored by, associated with,

affiliated with, or connected with BWS, or that there is some relation, association, affiliation, or connection between BWS and Defendant;

   (c) from passing off, or inducing or enabling others to sell or pass off, Defendant's services as those of BWS; and

   (d) from otherwise unfairly competing with BWS, and from any other acts which discourage, or destroy the public's recognition of the BWS Mark;

 4. An award of actual, compensatory, multiple, exemplary, enhanced, and/or punitive damages, plus interest, and an accounting of and disgorgement of Defendant's profits, for Defendant's violations of 15 U.S.C. §§ 1114, 1125(a), and Pennsylvania common law;

 5. In the alternative, BWS prays that this Court declare:

   (a) that, as between the parties, BWS has priority in the BWS Mark in connection with waterproofing and waterproofing-related services in the United States;

   (b) that, as between the parties, Defendant has no right to use the BWS Mark in connection with waterproofing and waterproofing-related services in the United States; and

   (c) that Defendant must immediately cease and desist from any and all uses of the BWS Mark in connection with waterproofing and waterproofing-related services in the United States that Defendant must immediately cease and desist from any and all uses of the BWS Mark;

 6. An award of interest, including pre-judgment and post-judgment interest, and costs of this action, together with BWS's attorneys' fees; and

 7. Such other and further relief as this Court deems just and proper.

Respectfully submitted, this 16th day of April 2024.

**NEMPHOS BRAUE LLC**

By: s/ Michael C. Antone
Michael C. Antone (PA Bar No. 73536)
210 West Pennsylvania Avenue, Suite 200
Baltimore, MD 21204
(410) 321-9335
mcantone@nemphosbraue.com

Attorneys for Plaintiff Old Family Construction, Inc. d/b/a/ Basement Waterproofing Specialists

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, demand is hereby made for trial by jury on all issues triable to a jury.

Respectfully submitted, this 16th day of April 2024.

**NEMPHOS BRAUE LLC**

By: s/ Michael C. Antone
Michael C. Antone (PA Bar No. 73536)
210 West Pennsylvania Avenue, Suite 200
Baltimore, MD 21204
(410) 321-9335
mcantone@nemphosbraue.com

Attorneys for Plaintiff Old Family Construction, Inc. d/b/a/ Basement Waterproofing Specialists